**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

5150 PROCESSING LLC,
AGRI-GENESIS LLC,
C4 LLC,
CPC OF MISSOURI LLC,
CPC OF MISSOURI-SMITHVILLE LLC,
THE FOREST ST LOUIS LLC,
ROUND 2 ENTERPRISES INC.,
MISSOURI WILD APOTHECARY LLC,
NATURE'S MED MO LLC,
NEW GROWTH HORIZON LLC,
NGH INVESTMENT LLC,
NIRVANA BLISS I LLC,
NIRVANA BLISS II LLC,
NIRVANA BLISS V LLC,
NODAWAY HOLDINGS LLC,
PROPER HOLDINGS LLC,
STANDARD WELLNESS MISSOURI LLC,
SUNRISE BEACH GP LLC,
TEAL LABS LLC,
TEAL REMEDIES LLC
and VERTICAL ENTERPRISE LLC,

*Plaintiffs*,

vs.

420 HOLDINGS INC.,
MIKE BITAR aka MUSTAFA BITAR,
7 STAR TOBACCO & VAPE,
AMIN AWWAD dba SMOKE DEPOT TOBACCO & VAPE,
ANTONIO CAMPANELLA dba ARETE HEMP LLC,
TODD CAMPANELLA,
ARETE INNOVATIONS, INC. aka ARETE ENTERPRISES LLC aka LIGHTING VENTURES GROUP LLC dba ARETE HEMP LLC,
ASHLEE FLETCHER dba THE KORNER STORE,

Case No.: 4:26-cv-01276-SRC

A&F SMOKE SHOP LLC,
BINOID LLC dba BINOID and BLOOMZ,
ELAN LIPIN,
CG STORE ONLINE LLC dba CLEAN GREEN STORE,
GARDEN OF WEEDEN LLC,
ICE VAPE AND TOBACCO,
JAY AMBA LLC dba MINI MARKET,
KRATOM BUNNY LLC,
KEVIN EDWIN DERBY and SHIRLEY ANN DERBY dba MO CANNA O'FALLON,
LOST IN TRANSLATION INC.,
RAY SCHIAVONE,
M&M BROTHERS STORES dba MEGA SMOKE SHOP,
MA BAHUCHAR LLC dba MINI MARKET 6,
MA UMIYA LLC dba MINI MARKET 4,
MAA LAXMI LLC dba MINI MARKET 3,
MALOUT JOSAN LLC dba VAPOR 100,
MELISSA POLICASTRO aka MELISSA CAMPANELLA dba ARETE HEMP LLC,
MOOD PRODUCT GROUP LLC,
DAVID CHARLES,
MR. TOBACCO & VAPOR & CBD,
PATRICK VORE aka PARADIGM SHIP dba KIND SMOKE,
THE POT SHOP aka MAIL ORDER 420,
PURE BEAUTY,
IMELDA WALAVALKAR,
PURE SHAKA LIFESTYLE CORP.,
ALEX NASTATOS,
REVELRY SUPPLY INC.,
BRANDON C. STEWART,
SUNFIRE NUTRITION LLC dba SECRET NATURE,
TYLER WILLIAM,
SEIGLER'S INC.,
YOEL CHETRIT,
SELF CARE NATIONWIDE dba ZAZA DELIVERY,
SMOKE SMART LLC,

SUGAREE LLC dba SUNSHINE DAYDREAM,
SUPER GREENS HEMP CO.,
NAT SMITH,
VANDO HOLDINGS CORP. dba DELTA 8 RESELLERS,
KRISTEN DOKA,
RYAN DOKA,
WENTZVILLE VAPOR & TOBACCO LLC,
WHEEDIEZ,
and Y&H LLC dba PLANET VAPE SMOKE SHOP,

*Defendants*.

**FIRST AMENDED COMPLAINT**

For their First Amended Complaint against Defendants, Plaintiffs state:

**Parties**

1. Plaintiffs are marijuana cultivators, product manufacturers and retail stores in Missouri that grow, produce, distribute and sell marijuana and marijuana products under licenses issued by and under the strict regulation and oversight of the Missouri Dept. of Health and Senior Services Division of Cannabis Regulation ("DCR").

2. Plaintiff Round 2 Enterprises Inc. is substituted as a Party Plaintiff for Heya Excello Cultivation LLC, which was named as a Plaintiff in the original Petition. With the approval of the DCR, Round 2 Enterprises Inc. acquired from Heya Excello Cultivation LLC Missouri cultivation license CUL000072 and associated assets and is the successor to Heya Excello Cultivation LLC's commercial interest in the claims asserted in this action. Heya Excello Cultivation LLC is no longer a party.

3. Defendants are individuals, sole proprietorships and other entities actively, knowingly and purposefully engaged in the large-scale trafficking of high THC marijuana and marijuana products disguised as industrial hemp to the Missouri public, either online or through one or more brick-and-mortar locations or both, without a license and without any regulation or oversight in violation of Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A felony.

4. In addition to the Defendant entities and individuals named in Plaintiffs' original Petition, Plaintiffs add as Defendants the following individuals who, upon information and belief, are officers, directors, and/or the moving, active and conscious force behind the unlawful advertising, promotion, distribution and sale of THCa flower and THCa products by the Defendant entities identified below, as more fully alleged in the section of this Amended Complaint titled "Participation of the Individual Defendants."

a. Mike Bitar, also known as Mustafa Bitar, President of Defendant 420 Holdings, Inc.,

b. Todd Campanella, President/Director of Defendant Arete Innovations, Inc. and an officer and managing member of Defendant Arete Enterprises LLC, both doing business as Arete Hemp LLC,

c. Melissa Campanella, also known as Melissa Policastro, an officer and managing member of Defendant Arete Enterprises LLC, doing business as Arete Hemp LLC, and already named as a Defendant herein as "Melissa Policastro aka Melissa Campanella dba Arete Hemp LLC,"

d. Ray Schiavone, President of Defendant Lost In Translation, Inc.,

e. Patrick Vore, President of Defendant Paradigm Ship, already named as a Defendant herein as "Patrick Vore aka Paradigm Ship dba Kind Smoke.",

f. Elan Lipin, Manager and Chief Executive Officer of Defendant Binoid LLC dba Binoid and Bloomz,

g. David Charles, co-founder and Chief Executive Officer of Defendant Mood Product Group LLC,

h. Imelda Walavalkar, co-founder and Chief Executive Officer of Defendant Pure Beauty,

i. Alex Nastatos, founder and Chief Executive Officer of Defendant Pure Shaka Lifestyle Corp.,

j. Brandon C. Stewart, Chief Executive Officer, Chief Financial Officer and Director of Defendant Revelry Supply Inc.,

k. Tyler William, founder and Chief Executive Officer of Defendant Sunfire Nutrition LLC dba Secret Nature,

l. Yoel Chetrit, President, Secretary and Treasurer of Defendant Seigler's Inc.,

m. Nat Smith, organizer and authorized person of Defendant Super Greens Hemp Co. (SuperGreensHempCo LLC), and

n. Kristen Doka and Ryan Doka, owners and operators of Defendant Vando Holdings Corp. dba Delta 8 Resellers.

(collectively, the "Individual Defendants").

**Jurisdiction and Venue**

5. This Court has original federal question subject matter jurisdiction over Counts 1 and 3 pursuant to 28 U.S.C. § 1331 as those claims arise under the laws of the United States, specifically, 15 U.S.C. § 1125(a)(1)(B).

6. The Court has supplemental jurisdiction over the state law claim in Count 2 pursuant to 28 U.S.C. § 1367 because that claim is so related to Counts 1 and 3 that together they form part of the same case or controversy.

7. Venue is proper under 28 U.S.C. § 1441(a) as this case was originally filed in state court in the Circuit Court of St. Charles County, Missouri (Case No. 2611-CC00527), and removed by Defendant Malout Josan, LLC to this Court, which is the district court of the United States for the district and division embracing the place where the original action was pending in state court.

**Facts Common to All Defendants**

I. THCa

8. Tetrahydrocannabinolic acid ("THCa") is the natural key active ingredient in marijuana flower. THCa is the acidic precursor to delta-9 tetrahydrocannabinol ("delta-9 THC"). When heated or smoked, THCa converts to delta-9 THC and when ingested by a human causes substantial psychoactive effects including the feeling of being "high." This is how marijuana consumption works and has worked for thousands of years.

9. In the state-licensed and regulated marijuana industry, marijuana is grown for the maximization of THCa content. Any cannabis flower with a THCa percentage of 30%

or above is categorized in the regulated marijuana industry as extremely potent and anyone smoking that flower will experience sizeable psychoactive effects as a result. THCa "hemp" flower is just another name for marijuana. They are chemically identical.

## II. Licensing and Regulation

10. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing and wholesale and retail sale of marijuana flower or marijuana products. These licensed entities operate under the strict legal requirements and oversight of the DCR.

11. The annual fee for a Missouri marijuana cultivation license is $28,138.09.

12. The annual fee for a Missouri marijuana product manufacturing license or marijuana retail license is $11,255.23.

13. Over and above these annual fees, licensed marijuana operators also must pay a license renewal fee every three years. The license renewal fee for cultivations is $13,506.28. The license renewal fee for a product manufacturing license or retail license is $7,878.66.

14. In addition to sales tax, all licensed marijuana retailers in Missouri must also pay an excise tax of 6% on the retail sale of all marijuana or marijuana products.

15. All marijuana and marijuana products sold at a licensed retailer are required to be tested in lots of limited size by a state licensed and approved laboratory. The average compliance test costs $400 per lot and licensed Missouri facilities spend millions of dollars on compliance testing every year.

16. Licensed marijuana facilities are required to acquire, install and maintain technologically advanced and comprehensive security camera and technology systems that represent an initial and ongoing cost of hundreds of thousands of dollars per system.

17. Licensed marijuana retailers cannot deliver to consumers except under specific circumstances and only with laborious administrative procedures using delivery vehicles equipped with multiple HD cameras, GPS and security cages and vaults costing tens of thousands of dollars or more. These restrictions on deliveries cost licensees millions of dollars in sales and lost customers and market share a year.

18. Marijuana licensees cannot take credit cards resulting in the loss of hundreds of thousands of dollars in sales, customers and market share per store per year.

19. To prevent diversion from or to the illicit market, all marijuana licensees must track and weigh every individual marijuana seed, clone, plant, plant-derivative, plant waste, raw material, partially processed material, and final product with state certified scales and one-time use RFID plant and product tags in real time and using Missouri's METRC seed to sale tracking system along with supplemental inventory software systems all costing millions of dollars per year in equipment, labor, time and lost production.

20. Every requirement listed above is mandatory for participation in the regulated marijuana market in Missouri.

21. The cultivation, production, sale or possession of marijuana with intent to sell in Missouri without a state-issued license is a Class A felony.

22. Under federal law, marijuana is a Schedule I Controlled Substance unless it is marijuana or products containing marijuana cultivated, manufactured or sold under a

Qualifying State-issued License, which means "marijuana in any form covered by a state medical marijuana license." U.S. Attorney General Order on Rescheduling of Food and Drug Administration Approved Products Containing Marijuana and Products Containing Marijuana Subject to a Qualifying State-issued License, April 23, 2026.

23. The state-issued marijuana cultivation, manufacturing, and retail licenses held by Plaintiffs, called Missouri Marijuana Comprehensive Licenses, are Qualifying State-issued Licenses under federal law as they authorize Plaintiffs to cultivate, manufacture and/or sell marijuana and marijuana products to both medical marijuana patients and the adult (21+) public. *See* 19 CSR 100-1.010(13) (defining Comprehensive dispensary license as "an entity licensed by the department to engage in the process of dispensing marijuana product for medical or adult use at a comprehensive marijuana dispensary facility").

## III. The 2018 Farm Bill

24. Defendants advertise high THCa "hemp" flower and other high THCa products for sale to the public in their stores and on their websites. Many of the THCa flower and THCa products promoted and sold by Defendants are advertised as containing over 30% THCa by dry weight. For example, Defendant Binoid LLC dba Binoid and Bloomz ("Bloomz") advertises for sale on its website one ounce (28 gram) packages of "Papaya Power" THCa flower containing "45%" THCa.

25. The THCa flower and other THCa products the Defendants promote and sell to the public as hemp are in fact marijuana. They are chemically identical to each other.

26. Defendants promote and advertise their THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

27. Defendants promote and advertise to the public the fact that THCa converts to delta-9 THC when heated or smoked. Bloomz' website, for example, states:

> **WHAT IS THCA?**
>
> THCA is the precursor to Delta 9 THC. Signified by the "A" in THCA. THCA becomes Delta 9 THC through heating, which also gives it a psychoactive effect. Without heating, THCA does not have any effects. Therefore, when heated THCA becomes regular Delta 9 THC and has the strength and effects of the THC we all know and love. THCA is very strong, and this product is the best THCA Flower on the market.

28. And under a tab labeled "FAQ," Bloomz' website goes on:

> **Does AAA Exotic THCA Flower get you high?**
>
> THCA itself is non-psychoactive, but when heated through smoking, vaping, or cooking, it converts into THC. Because of its high THCA content, AAA Exotic flower provides a stronger experience when activated.

29. Defendants hold no license and do not comply with any of the mandatory restrictions and requirements for participation in the Missouri regulated marijuana market. They take credit cards, pay no licensing fee, do not pay any excise tax, do not track the marijuana they sell from seed to sale, do not test products at a state licensed testing facility, do not have or maintain advanced technology camera and security systems, ship high THC marijuana and marijuana products directly to consumers via FedEx and UPS, and deliver high THC marijuana and marijuana products directly to consumers by way of third-party delivery services such as Instacart, Uber Eats and Door Dash.

30. Defendants claim they are allowed by law to sell high THCa flower and THCa products in Missouri without a state-issued license or any regulation or oversight because

they argue THCa flower and THCa products fall under the term industrial "hemp" as defined by the federal 2018 Farm Bill and as a result were accidentally exempted from classification as a Schedule I Controlled Substance under federal and state law. In this regard, Bloomz' website states:

> **Is AAA Exotic THCA Flower legal?**
>
> AAA Exotic THCA flower is federally legal under the 2018 Farm Bill if it contains less than 0.3% Delta 9 THC by dry weight. However, some states have restrictions, so checking local laws before purchasing is recommended.

IV. Misrepresentation in Commercial Advertising and Promotion

31. In commercial advertising and promotion, Defendants state that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

32. The Farm Bill, specifically the pieces enacted as 7 U.S.C. § 1639o(1) and 21 U.S.C. § 802(16), excludes industrial hemp from the definition of marijuana and the Schedules of Controlled Substances in 21 U.S.C. § 812, and defines hemp as:

> [T]he plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.

33. Missouri has a substantively identical state-level statutory exemption for industrial hemp.

34. Defendants claim THCa flower and THCa products fall within the legal definition of hemp because these products contain a delta-9 THC concentration of less than 0.3% by dry weight before heated or smoked.

35. However, under the federal Farm Bill and Missouri state law, the delta-9 THC content of cannabis is measured post decarboxylation (the application of heat) to determine if it is marijuana and thus a Schedule I Controlled Substance.

36. Part of the Farm Bill enacted as 7 U.S.C. § 1639q directs the U.S. Department of Agriculture – the regulatory body in charge of governing hemp production in the United States – to establish "a procedure for testing, using post-decarboxylation or other similarly reliable methods, delta-9 tetrahydrocannabinol concentration levels of hemp produced in [the U.S.]"

37. The reason delta-9 THC content is measured post-decarboxylation is THCa converts to delta-9 THC when heated or smoked at a rate of 1 to .877.

38. Using this conversion rate, the 30% THCa flower promoted, advertised and sold by Defendants would contain over 26% delta-9 THC post-decarboxylation or over 85 times the legal limit for hemp, and the 45% THCa flower advertised by Bloomz would contain over 39% delta-9 THC post-decarboxylation, or over 100 times the legal limit for hemp. Both are a Schedule I Controlled Substance under state and federal law, specifically Missouri Revised Statutes § 195.010 and Title 21 Section 802 of the United States Code.

39. Under federal law, THCa flower and THCa products are not hemp but marijuana and a Schedule I Controlled Substance if cultivated, manufactured, distributed or sold without a Qualifying State-issued License.

40. In mid 2024, the U.S. Dept. of Justice Drug Enforcement Administration ("DEA") reiterated in an opinion letter issued by its Chief of Drug & Chemical Evaluation

that high THCa flower and THCa products are not hemp but marijuana and a Schedule I Controlled Substance under federal law. DEA Opinion Letter dated May 13, 2024.

41. The opinion letter was in response to a request to know "the control status of tetrahydrocannabinolic acid (THCA) under the Controlled Substances Act (CSA)." DEA Opinion Letter p. 1. The letter concluded:

> In regards to THCA, Congress has directed that, when determining whether a substance constitutes hemp, the delta-9 THC concentration is to be tested "using post-decarboxylation or other similarly reliable methods." 7 U.S.C. § 1639p(a)(2)(A)(ii), 7 U.S.C. § 1639q(a)(2)(B). The "decarboxylation" process converts delta-9-THCA to delta-9-THC. Thus, for the purposes of enforcing the hemp definition, the delta-9-THC level must account for any delta-9-THCA in a substance. Accordingly, cannabis-derived THCA does not meet the definition of hemp under the CSA because upon conversion for identification purposes as required by Congress, it is equivalent to delta-9-THC.

DEA Opinion Letter p. 1-2.

42. Under Missouri state law, THCa flower and THCa products are not hemp but marijuana and the cultivation, manufacture, distribution or sale of THCa flower or THCa products is illegal in Missouri without a license issued by the DCR.

43. In May 2025, the Missouri Attorney General issued cease-and-desist letters to several THCa retailers in the state. The letter stated in part:

> You are hereby directed to cease and desist from selling or offering for sale all hemp products with delta-9-tetrahydrocannabilic acid (delta-9-THCA) concentrations of more than .3 percent on a dry weight basis. The Controlled Substances Act (CSA) classifies tetrahydrocannabinols in schedule I. 21 U.S.C. § 812, 21 CFR 1308.11(d)(31). Selling or offering for sale said intoxicating hemp products constitutes a potential violation of the Missouri Merchandising Practices Act ("MMPA") under Chapter 407, Revised Statutes of Missouri.

> The Attorney General has the authority to enforce the MMPA, which prohibits unfair practices in connection with the sale of merchandise. Your sale of hemp products, or offer to sell hemp products, with delta-9-THCA levels greater than .3 percent (1) constitutes an unfair practice as you have violated the public policy of the State, and (2) presents a risk of substantial injury to Missouri consumers. When determining the delta-9-THC level, the concentration is to be tested "using post-decarboxylation or other similar reliable methods." 7 U.S.C. § 1639p(a)(2). The decarboxylation process converts delta-9-THCA to delta-9-THC, meaning the delta-9-THC concentration of hemp products must account for any present delta-9-THCA. As a result, cannabis-derived THCA does not meet the definition of hemp under the CSA and is the equivalent of delta-9-THC.

Missouri Attorney General Cease-and-Desist Letter dated May 14, 2025.

44. In March 2026, the Missouri Attorney General issued another cease-and-desist letter to 33 THCa retailers in Missouri. That letter stated in part:

> [Although] "industrial hemp" is excluded from the definition of marijuana, under both current Missouri and federal law, this exception does not allow for the sale of your intoxicating hemp-derived products. Products with more than a 0.3% concentration of delta-9 THC on a dry weight basis is considered marijuana. When determining the delta-9 THC level, the concentration is to be tested "using post-decarboxylation or other similar reliable methods." 7 U.S.C. § 1639p(a)(2), and see Laboratory Testing Guidelines U.S. Domestic Hemp Production Program, USDA, (webpage IP address citation omitted). The decarboxylation process converts THCA to delta-9 THC, meaning the delta-9 THC concentration of hemp products must account for any present THCA. Further, to test the "dry weight basis" one must, first, remove all moisture from a product, then evaluate the concentrate of delta-9 THC as against, at least, the dry-weight of the product. Following these testing guidelines your intoxicating hemp-derived products would qualify as marijuana.
>
> The Attorney General has the authority to enforce the MMPA, which prohibits unfair practices in connection with the sale of merchandise. Your sale of marijuana without a license constitutes a violation of Missouri law and public policy and presents a risk of substantial injury to Missouri consumers and, thus, is an unfair practice in violation of the MMPA.

Missouri Attorney General Cease and Desist Letter dated March 23, 2026.

45. Defendants know they are selling a controlled substance to the public but rely on this THCa dance to confuse courts and legislators.

46. Defendants are actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact Defendants hide from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant 420 Holdings, Inc.**

47. Defendant 420 Holdings, Inc. ("420 Holdings") owns and operates an online store, accessible to the Missouri public at 420.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

48. Many of the THCa flower and products promoted and sold by 420 Holdings are advertised by 420 Holdings as containing over 30% THCa by dry weight.

49. The THCa flower and other THCa products that 420 Holdings advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

50. 420 Holdings promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

51. 420 Holdings promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

52. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

53. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

54. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

55. 420 Holdings holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

56. 420 Holdings does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

57. In commercial advertising and promotion including on its website and product packaging, 420 Holdings states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

58. The THCa flower and THCa products that 420 Holdings advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

59. 420 Holdings is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that 420 Holdings hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant 7 Star Tobacco & Vape**

60. Defendant 7 Star Tobacco & Vape ("7 Star") owns and operates a brick-and-mortar location in O'Fallon, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

61. Many of the THCa flower and products promoted and sold by 7 Star are advertised by 7 Star as containing over 30% THCa by dry weight.

62. The THCa flower and other THCa products that 7 Star advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

63. 7 Star promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

64. 7 Star promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

65. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

66. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

67. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

68. 7 Star holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

69. 7 Star does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

70. In commercial advertising and promotion including on its product packaging, 7 Star states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

71. The THCa flower and THCa products that 7 Star advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

72. 7 Star is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that 7 Star hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Amin Awwad dba Smoke Depot Tobacco & Vape**

73. Defendant Amin Awwad dba Smoke Depot Tobacco & Vape ("Smoke Depot") owns and operates a brick-and-mortar location in St. Peters, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

74. Many of the THCa flower and products promoted and sold by Smoke Depot are advertised by Smoke Depot as containing over 30% THCa by dry weight.

75. The THCa flower and other THCa products that Smoke Depot advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

76. Smoke Depot promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

77. Smoke Depot promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

78. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

79. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

80. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

81. Smoke Depot holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

82. Smoke Depot does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

83. In commercial advertising and promotion including on its product packaging, Smoke Depot states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

84. The THCa flower and THCa products that Smoke Depot advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

85. Smoke Depot is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Smoke Depot hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendants Arete Innovations, Inc., Antonio Campanella and Melissa Policastro aka Melissa Campanella, each dba Arete Hemp LLC**

86. Defendants Arete Innovations, Inc. aka Arete Enterprises LLC aka Lighting Ventures Group LLC, Antonio Campanella, and Melissa Policastro aka Melissa Campanella, each doing business as Arete Hemp LLC (collectively, "Arete"), own and operate an online store, accessible to the Missouri public at Arete.shop, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ship those products directly to consumers in Missouri.

87. Many of the THCa flower and products promoted and sold by Arete are advertised by Arete as containing over 30% THCa by dry weight.

88. The THCa flower and other THCa products that Arete advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

89. Arete promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

90. Arete promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

91. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

92. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

93. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

94. Arete holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

95. Arete does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

96. In commercial advertising and promotion including on its website and product packaging, Arete states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

97. The THCa flower and THCa products that Arete advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

98. Arete is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Arete hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Ashlee Fletcher dba The Korner Store**

99. Defendant Ashlee Fletcher dba The Korner Store ("The Korner Store") owns and operates a brick-and-mortar location in St. Peters, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

100. Many of the THCa flower and products promoted and sold by The Korner Store are advertised by The Korner Store as containing over 30% THCa by dry weight.

101. The THCa flower and other THCa products that The Korner Store advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

102. The Korner Store promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

103. The Korner Store promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

104. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

105. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

106. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

107. The Korner Store holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

108. The Korner Store does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

109. In commercial advertising and promotion including on its product packaging, The Korner Store states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

110. The THCa flower and THCa products that The Korner Store advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

111. The Korner Store is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that The Korner Store hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant A&F Smoke Shop LLC**

112. Defendant A&F Smoke Shop LLC ("A&F") owns and operates a brick-and-mortar location in O'Fallon, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

113. Many of the THCa flower and products promoted and sold by A&F are advertised by A&F as containing over 30% THCa by dry weight.

114. The THCa flower and other THCa products that A&F advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

115. A&F promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

116. A&F promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

117. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

118. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

119. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

120. A&F holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

121. A&F does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

122. In commercial advertising and promotion including on its product packaging, A&F states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

123. The THCa flower and THCa products that A&F advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

124. A&F is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that A&F hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Binoid LLC dba Binoid and Bloomz**

125. Defendant Binoid LLC dba Binoid and Bloomz ("Bloomz") owns and operates an online store, accessible to the Missouri public at binoidcbd.com and bloomzhemp.com, respectively, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

126. Bloomz advertises for sale on its website one-ounce (28 gram) packages of "Papaya Power" THCa flower containing "45%" THCa, and, as set out above, states on its website that THCa "becomes Delta 9 THC through heating, which also gives it a psychoactive effect," that its THCa flower "provides a stronger experience when activated," and that its THCa flower "is federally legal under the 2018 Farm Bill."

127. The THCa flower and other THCa products that Bloomz advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

128. Bloomz promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

129. Bloomz promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

130. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

131. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

132. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

133. Bloomz holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

134. Bloomz does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

135. In commercial advertising and promotion including on its websites and product packaging, Bloomz states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

136. The THCa flower and THCa products that Bloomz advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

137. Bloomz is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Bloomz hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant CG Store Online LLC dba Clean Green Store**

138. Defendant CG Store Online LLC dba Clean Green Store ("Clean Green Store") owns and operates an online store, accessible to the Missouri public at cleangreen.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

139. Many of the THCa flower and products promoted and sold by Clean Green Store are advertised by Clean Green Store as containing over 30% THCa by dry weight.

140. The THCa flower and other THCa products that Clean Green Store advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

141. Clean Green Store promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

142. Clean Green Store promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

143. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

144. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

145. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

146. Clean Green Store holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

147. Clean Green Store does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

148. 149. In commercial advertising and promotion including on its website and product packaging, Clean Green Store states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

149. The THCa flower and THCa products that Clean Green Store advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

150. Clean Green Store is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Clean Green Store hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Garden of Weeden LLC**

151. Defendant Garden of Weeden LLC ("Garden of Weeden") owns and operates a brick-and-mortar location in St. Peters, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

152. Many of the THCa flower and products promoted and sold by Garden of Weeden are advertised by Garden of Weeden as containing over 30% THCa by dry weight.

153. The THCa flower and other THCa products that Garden of Weeden advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

154. Garden of Weeden promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

155. Garden of Weeden promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

156. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

157. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

158. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

159. Garden of Weeden holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

160. Garden of Weeden does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

161. In commercial advertising and promotion including on its product packaging, Garden of Weeden states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

162. The THCa flower and THCa products that Garden of Weeden advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

163. Garden of Weeden is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Garden of Weeden hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Ice Vape and Tobacco**

164. Defendant Ice Vape and Tobacco ("Ice Vape") owns and operates a brick-and-mortar location in O'Fallon, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

165. Many of the THCa flower and products promoted and sold by Ice Vape are advertised by Ice Vape as containing over 30% THCa by dry weight.

166. The THCa flower and other THCa products that Ice Vape advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

167. Ice Vape promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

168. Ice Vape promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

169. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

170. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

171. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

172. Ice Vape holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

173. Ice Vape does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

174. In commercial advertising and promotion including on its product packaging, Ice Vape states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

175. The THCa flower and THCa products that Ice Vape advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

176. Ice Vape is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Ice Vape hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Jay Amba LLC dba Mini Market**

177. Defendant Jay Amba LLC dba Mini Market ("Mini Market") owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

178. Many of the THCa flower and products promoted and sold by Mini Market are advertised by Mini Market as containing over 30% THCa by dry weight.

179. The THCa flower and other THCa products that Mini Market advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

180. Mini Market promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

181. Mini Market promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

182. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

183. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

184. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

185. Mini Market holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

186. Mini Market does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

187. In commercial advertising and promotion including on its product packaging, Mini Market states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

188. The THCa flower and THCa products that Mini Market advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

189. Mini Market is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mini Market hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Kratom Bunny LLC**

190. Defendant Kratom Bunny LLC ("Kratom Bunny") owns and operates a brick-and-mortar location in O'Fallon, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

191. Many of the THCa flower and products promoted and sold by Kratom Bunny are advertised by Kratom Bunny as containing over 30% THCa by dry weight.

192. The THCa flower and other THCa products that Kratom Bunny advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

193. Kratom Bunny promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

194. Kratom Bunny promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

195. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

196. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

197. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

198. Kratom Bunny holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

199. Kratom Bunny does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

200. In commercial advertising and promotion including on its product packaging, Kratom Bunny states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

201. The THCa flower and THCa products that Kratom Bunny advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

202. Kratom Bunny is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Kratom Bunny hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendants Kevin Edwin Derby and Shirley Ann Derby dba Mo Canna O'Fallon**

203. Defendants Kevin Edwin Derby and Shirley Ann Derby dba Mo Canna O'Fallon ("Mo Canna") own and operate a brick-and-mortar location in O'Fallon, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

204. Many of the THCa flower and products promoted and sold by Mo Canna are advertised by Mo Canna as containing over 30% THCa by dry weight.

205. The THCa flower and other THCa products that Mo Canna advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

206. Mo Canna promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

207. Mo Canna promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

208. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

209. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

210. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

211. Mo Canna holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

212. Mo Canna does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

213. In commercial advertising and promotion including on its product packaging, Mo Canna states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

214. The THCa flower and THCa products that Mo Canna advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

215. Mo Canna is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mo Canna hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Lost In Translation, Inc.**

216. Defendant Lost In Translation, Inc. ("LIT") owns and operates an online store, accessible to the Missouri public at litfarms.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

217. Many of the THCa flower and products promoted and sold by LIT are advertised by LIT as containing over 30% THCa by dry weight.

218. The THCa flower and other THCa products that LIT advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

219. LIT promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

220. LIT promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

221. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

222. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

223. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

224. LIT holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

225. LIT does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

226. In commercial advertising and promotion including on its website and product packaging, LIT states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

227. The THCa flower and THCa products that LIT advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

228. LIT is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that LIT hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant M&M Brothers Stores dba Mega Smoke Shop**

229. Defendant M&M Brothers Stores dba Mega Smoke Shop ("Mega Smoke Shop") owns and operates a brick-and-mortar location in St. Charles, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

230. Many of the THCa flower and products promoted and sold by Mega Smoke Shop are advertised by Mega Smoke Shop as containing over 30% THCa by dry weight.

231. The THCa flower and other THCa products that Mega Smoke Shop advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

232. Mega Smoke Shop promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

233. Mega Smoke Shop promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

234. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

235. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

236. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

237. Mega Smoke Shop holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

238. Mega Smoke Shop does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

239. In commercial advertising and promotion including on its product packaging, Mega Smoke Shop states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

240. The THCa flower and THCa products that Mega Smoke Shop advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

241. Mega Smoke Shop is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mega Smoke Shop hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant MA Bahuchar LLC dba Mini Market 6**

242. Defendant MA Bahuchar LLC dba Mini Market 6 ("Mini Market 6") owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

243. Many of the THCa flower and products promoted and sold by Mini Market 6 are advertised by Mini Market 6 as containing over 30% THCa by dry weight.

244. The THCa flower and other THCa products that Mini Market 6 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

245. Mini Market 6 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

246. Mini Market 6 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

247. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

248. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

249. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

250. Mini Market 6 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

251. Mini Market 6 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

252. In commercial advertising and promotion including on its product packaging, Mini Market 6 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

253. The THCa flower and THCa products that Mini Market 6 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

254. Mini Market 6 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mini Market 6 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant MA Umiya LLC dba Mini Market 4**

255. Defendant MA Umiya LLC dba Mini Market 4 ("Mini Market 4") owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

256. Many of the THCa flower and products promoted and sold by Mini Market 4 are advertised by Mini Market 4 as containing over 30% THCa by dry weight.

257. The THCa flower and other THCa products that Mini Market 4 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

258. Mini Market 4 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

259. Mini Market 4 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

260. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

261. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

262. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

263. Mini Market 4 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

264. Mini Market 4 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

265. In commercial advertising and promotion including on its product packaging, Mini Market 4 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

266. The THCa flower and THCa products that Mini Market 4 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

267. Mini Market 4 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mini Market 4 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant MAA Laxmi LLC dba Mini Market 3**

268. Defendant MAA Laxmi LLC dba Mini Market 3 ("Mini Market 3") owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

269. Many of the THCa flower and products promoted and sold by Mini Market 3 are advertised by Mini Market 3 as containing over 30% THCa by dry weight.

270. The THCa flower and other THCa products that Mini Market 3 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

271. Mini Market 3 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

272. Mini Market 3 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

273. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

274. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

275. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

276. Mini Market 3 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

277. Mini Market 3 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

278. In commercial advertising and promotion including on its product packaging, Mini Market 3 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

279. The THCa flower and THCa products that Mini Market 3 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

280. Mini Market 3 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mini Market 3 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Malout Josan LLC dba Vapor 100**

281. Defendant Malout Josan LLC dba Vapor 100 ("Vapor 100") owns and operates a brick-and-mortar location in Wentzville, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

282. Many of the THCa flower and products promoted and sold by Vapor 100 are advertised by Vapor 100 as containing over 30% THCa by dry weight.

283. The THCa flower and other THCa products that Vapor 100 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

284. Vapor 100 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

285. Vapor 100 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

286. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

287. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

288. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

289. Vapor 100 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

290. Vapor 100 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

291. In commercial advertising and promotion including on its product packaging, Vapor 100 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

292. The THCa flower and THCa products that Vapor 100 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

293. Vapor 100 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Vapor 100 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Mood Product Group LLC**

294. Defendant Mood Product Group LLC ("Mood") owns and operates an online store, accessible to the Missouri public at mood.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

295. Many of the THCa flower and products promoted and sold by Mood are advertised by Mood as containing over 30% THCa by dry weight.

296. The THCa flower and other THCa products that Mood advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

297. Mood promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

298. Mood promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

299. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

300. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

301. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

302. Mood holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

303. Mood does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

304. In commercial advertising and promotion including on its website and product packaging, Mood states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

305. The THCa flower and THCa products that Mood advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

306. Mood is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mood hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Mr. Tobacco & Vapor & CBD**

307. Defendant Mr. Tobacco & Vapor & CBD ("Mr. Tobacco") owns and operates a brick-and-mortar location in Lake St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

308. Many of the THCa flower and products promoted and sold by Mr. Tobacco are advertised by Mr. Tobacco as containing over 30% THCa by dry weight.

309. The THCa flower and other THCa products that Mr. Tobacco advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

310. Mr. Tobacco promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

311. Mr. Tobacco promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

312. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

313. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

314. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

315. Mr. Tobacco holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

316. Mr. Tobacco does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

317. In commercial advertising and promotion including on its product packaging, Mr. Tobacco states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

318. The THCa flower and THCa products that Mr. Tobacco advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

319. Mr. Tobacco is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mr. Tobacco hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Patrick Vore aka Paradigm Ship dba Kind Smoke**

320. Defendant Patrick Vore aka Paradigm Ship dba Kind Smoke ("Kind Smoke") owns and operates an online store, accessible to the Missouri public at smokekind.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

321. Many of the THCa flower and products promoted and sold by Kind Smoke are advertised by Kind Smoke as containing over 30% THCa by dry weight.

322. The THCa flower and other THCa products that Kind Smoke advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

323. Kind Smoke promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

324. Kind Smoke promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

325. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

326. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

327. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

328. Kind Smoke holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

329. Kind Smoke does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

330. In commercial advertising and promotion including on its website and product packaging, Kind Smoke states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

331. The THCa flower and THCa products that Kind Smoke advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

332. Kind Smoke is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Kind Smoke hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant The Pot Shop aka Mail Order 420**

333. Defendant The Pot Shop aka Mail Order 420 ("Mail Order 420") owns and operates an online store, accessible to the Missouri public at potshop.to or mailorder420.to, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

334. Many of the THCa flower and products promoted and sold by Mail Order 420 are advertised by Mail Order 420 as containing over 30% THCa by dry weight.

335. The THCa flower and other THCa products that Mail Order 420 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

336. Mail Order 420 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

337. Mail Order 420 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

338. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

339. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

340. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

341. Mail Order 420 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

342. Mail Order 420 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

343. In commercial advertising and promotion including on its websites and product packaging, Mail Order 420 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

344. The THCa flower and THCa products that Mail Order 420 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

345. Mail Order 420 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Mail Order 420 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Pure Beauty**

346. Defendant Pure Beauty ("Pure Beauty") owns and operates an online store, accessible to the Missouri public at purebeautypurebeauty.co, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

347. Many of the THCa flower and products promoted and sold by Pure Beauty are advertised by Pure Beauty as containing over 30% THCa by dry weight.

348. The THCa flower and other THCa products that Pure Beauty advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

349. Pure Beauty promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

350. Pure Beauty promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

351. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

352. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

353. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

354. Pure Beauty holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

355. Pure Beauty does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

356. In commercial advertising and promotion including on its website and product packaging, Pure Beauty states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

357. The THCa flower and THCa products that Pure Beauty advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

358. Pure Beauty is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Pure Beauty hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Pure Shaka Lifestyle Corp.**

359. Defendant Pure Shaka Lifestyle Corp. ("Pure Shaka") owns and operates an online store, accessible to the Missouri public at pureshaka.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

360. Many of the THCa flower and products promoted and sold by Pure Shaka are advertised by Pure Shaka as containing over 30% THCa by dry weight.

361. The THCa flower and other THCa products that Pure Shaka advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

362. Pure Shaka promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

363. Pure Shaka promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

364. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

365. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

366. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

367. Pure Shaka holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

368. Pure Shaka does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

369. In commercial advertising and promotion including on its website and product packaging, Pure Shaka states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

370. The THCa flower and THCa products that Pure Shaka advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

371. Pure Shaka is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Pure Shaka hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Revelry Supply Inc.**

372. Defendant Revelry Supply Inc. ("Revelry") owns and operates an online store, accessible to the Missouri public at revelryhemp.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

373. Many of the THCa flower and products promoted and sold by Revelry are advertised by Revelry as containing over 30% THCa by dry weight.

374. The THCa flower and other THCa products that Revelry advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

375. Revelry promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

376. Revelry promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

377. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

378. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

379. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

380. Revelry holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

381. Revelry does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

382. In commercial advertising and promotion including on its website and product packaging, Revelry states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

383. The THCa flower and THCa products that Revelry advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

384. Revelry is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Revelry hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Sunfire Nutrition LLC dba Secret Nature**

385. Defendant Sunfire Nutrition LLC dba Secret Nature ("Secret Nature") owns and operates an online store, accessible to the Missouri public at secretnature.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

386. Many of the THCa flower and products promoted and sold by Secret Nature are advertised by Secret Nature as containing over 30% THCa by dry weight.

387. The THCa flower and other THCa products that Secret Nature advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

388. Secret Nature promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

389. Secret Nature promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

390. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

391. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

392. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

393. Secret Nature holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

394. Secret Nature does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

395. In commercial advertising and promotion including on its website and product packaging, Secret Nature states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

396. The THCa flower and THCa products that Secret Nature advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

397. Secret Nature is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Secret Nature hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Seigler's Inc.**

398. Defendant Seigler's Inc. ("Seigler's") owns and operates an online store, accessible to the Missouri public at seiglers.shop, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

399. Many of the THCa flower and products promoted and sold by Seigler's are advertised by Seigler's as containing over 30% THCa by dry weight.

400. The THCa flower and other THCa products that Seigler's advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

401. Seigler's promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

402. Seigler's promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

403. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

404. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

405. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

406. Seigler's holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

407. Seigler's does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

408. In commercial advertising and promotion including on its website and product packaging, Seigler's states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

409. The THCa flower and THCa products that Seigler's advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

410. Seigler's is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Seigler's hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Self Care Nationwide dba Zaza Delivery**

411. Defendant Self Care Nationwide dba Zaza Delivery ("Zaza") owns and operates an online store, accessible to the Missouri public at shopzaza.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri. Self Care Nationwide Inc, a Minnesota business corporation (File No. 1484747100028) with its registered office at 202 N. Cedar Avenue, Suite 1, Owatonna, MN 55060, was

administratively dissolved by the Minnesota Secretary of State on January 15, 2026, yet continues to operate shopzaza.com.

412. Many of the THCa flower and products promoted and sold by Zaza are advertised by Zaza as containing over 30% THCa by dry weight.

413. The THCa flower and other THCa products that Zaza advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

414. Zaza promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

415. Zaza promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

416. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

417. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

418. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

419. Zaza holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

420. Zaza does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it

sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

421. In commercial advertising and promotion including on its website and product packaging, Zaza states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

422. The THCa flower and THCa products that Zaza advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

423. Zaza is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Zaza hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Smoke Smart LLC**

424. Defendant Smoke Smart LLC ("Smoke Smart") owns and operates a brick-and-mortar location in Wentzville, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

425. Many of the THCa flower and products promoted and sold by Smoke Smart are advertised by Smoke Smart as containing over 30% THCa by dry weight.

426. The THCa flower and other THCa products that Smoke Smart advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

427. Smoke Smart promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

428. Smoke Smart promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

429. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

430. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

431. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

432. Smoke Smart holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

433. Smoke Smart does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers

directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

434. In commercial advertising and promotion including on its product packaging, Smoke Smart states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

435. The THCa flower and THCa products that Smoke Smart advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

436. Smoke Smart is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Smoke Smart hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Sugaree LLC dba Sunshine Daydream**

437. Defendant Sugaree LLC dba Sunshine Daydream ("Sunshine Daydream") owns and operates a brick-and-mortar location in O'Fallon, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

438. Many of the THCa flower and products promoted and sold by Sunshine Daydream are advertised by Sunshine Daydream as containing over 30% THCa by dry weight.

439. The THCa flower and other THCa products that Sunshine Daydream advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

440. Sunshine Daydream promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

441. Sunshine Daydream promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

442. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

443. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

444. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

445. Sunshine Daydream holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

446. Sunshine Daydream does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the

marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

447. In commercial advertising and promotion including on its product packaging, Sunshine Daydream states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

448. The THCa flower and THCa products that Sunshine Daydream advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

449. Sunshine Daydream is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Sunshine Daydream hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Super Greens Hemp Co.**

450. Defendant Super Greens Hemp Co. ("Super Greens") owns and operates an online store, accessible to the Missouri public at supergreenshemp.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products

including THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

451. Many of the THCa flower and products promoted and sold by Super Greens are advertised by Super Greens as containing over 30% THCa by dry weight.

452. The THCa flower and other THCa products that Super Greens advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

453. Super Greens promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

454. Super Greens promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

455. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

456. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

457. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

458. Super Greens holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

459. Super Greens does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the

marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

460. In commercial advertising and promotion including on its website and product packaging, Super Greens states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

461. The THCa flower and THCa products that Super Greens advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

462. Super Greens is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Super Greens hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Vando Holdings Corp. dba Delta 8 Resellers**

463. Defendant Vando Holdings Corp. dba Delta 8 Resellers ("Delta 8 Resellers") owns and operates an online store, accessible to the Missouri public at delta8resellers.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public, including

the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

464. Many of the THCa flower and products promoted and sold by Delta 8 Resellers are advertised by Delta 8 Resellers as containing over 30% THCa by dry weight.

465. The THCa flower and other THCa products that Delta 8 Resellers advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

466. Delta 8 Resellers promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

467. Delta 8 Resellers promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

468. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

469. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

470. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

471. Delta 8 Resellers holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

472. Delta 8 Resellers does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the

marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

473. In commercial advertising and promotion including on its website and product packaging, Delta 8 Resellers states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

474. The THCa flower and THCa products that Delta 8 Resellers advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

475. Delta 8 Resellers is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Delta 8 Resellers hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Wentzville Vapor & Tobacco LLC**

476. Defendant Wentzville Vapor & Tobacco LLC ("Wentzville Vapor") owns and operates a brick-and-mortar location in Wentzville, Missouri, for the purpose of

advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

477. Many of the THCa flower and products promoted and sold by Wentzville Vapor are advertised by Wentzville Vapor as containing over 30% THCa by dry weight.

478. The THCa flower and other THCa products that Wentzville Vapor advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

479. Wentzville Vapor promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

480. Wentzville Vapor promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

481. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

482. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

483. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

484. Wentzville Vapor holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

485. Wentzville Vapor does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the

marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

486. In commercial advertising and promotion including on its product packaging, Wentzville Vapor states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

487. The THCa flower and THCa products that Wentzville Vapor advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

488. Wentzville Vapor is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Wentzville Vapor hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Wheediez**

489. Defendant Wheediez ("Wheediez") owns and operates an online store, accessible to the Missouri public at wheediez.com, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including

THCa flower and THCa products to the public, including the public in St. Charles County, Missouri, and ships those products directly to consumers in Missouri.

490. Many of the THCa flower and products promoted and sold by Wheediez are advertised by Wheediez as containing over 30% THCa by dry weight.

491. The THCa flower and other THCa products that Wheediez advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

492. Wheediez promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

493. Wheediez promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

494. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

495. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

496. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

497. Wheediez holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

498. Wheediez does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it

sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and ships high THC marijuana and marijuana products directly to consumers in Missouri via FedEx, UPS and similar common carriers.

499. In commercial advertising and promotion including on its website and product packaging, Wheediez states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

500. The THCa flower and THCa products that Wheediez advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

501. Wheediez is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Wheediez hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Y&H LLC dba Planet Vape Smoke Shop**

502. Defendant Y&H LLC dba Planet Vape Smoke Shop ("Planet Vape") owns and operates a brick-and-mortar location in St. Peters, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

503. Many of the THCa flower and products promoted and sold by Planet Vape are advertised by Planet Vape as containing over 30% THCa by dry weight.

504. The THCa flower and other THCa products that Planet Vape advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

505. Planet Vape promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

506. Planet Vape promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

507. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

508. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

509. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

510. Planet Vape holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

511. Planet Vape does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers

directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

512. In commercial advertising and promotion including on its product packaging, Planet Vape states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

513. The THCa flower and THCa products that Planet Vape advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

514. Planet Vape is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Planet Vape hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Mike Bitar aka Mustafa Bitar**

515. The Terms of Use published at 420.com list Defendant 420 Holdings, Inc. as the owner of that website.

516. 420 Holdings, Inc. is not registered with the California Secretary of State even though it purports to be a California company. It is, however, registered with the Nevada Secretary of State, which lists Mike Bitar, at 514 Work Street, Salinas, CA 93901, as its president.

517. 420 Holdings, Inc. lists that same address, 514 Work Street, Salinas, CA 93901, for service of process on "Mustafa Bitar," indicating that, upon information and belief, Mike Bitar and Mustafa Bitar are the same individual.

518. As President of 420 Holdings, Inc., Defendant Mike Bitar directed, controlled, authorized, and personally participated in and profited from 420 Holdings, Inc.'s advertising, promotion, marketing and sale of THCa flower and THCa products through 420.com, as alleged above.

**Defendants Todd Campanella and Melissa Campanella**

519. The Terms of Service published on the Arete Hemp website list its full legal name as Arete Hemp LLC, with an address of 1887 Whitney Mesa Dr., Suite #3939, Henderson, NV 89014.

520. There is no "Arete Hemp LLC" registered with the Nevada Secretary of State. There is, however, an Arete Enterprises LLC registered at that same address, which currently lists Lighting Ventures Group LLC as its owner and managing member.

521. A filing with the North Carolina Secretary of State for "Arete Innovations, Inc.," which likewise uses the Whitney Mesa Drive address, lists Defendant Todd Campanella as its President/Director. And a 2025 filing with the Wyoming Secretary of State lists Todd Campanella as the President/Director of Arete Innovations, Inc.

522. Earlier filings with the Nevada Secretary of State for Arete Enterprises LLC list both Todd Campanella and Defendant Melissa Campanella, also known as Melissa Policastro, as officers and managing members.

523. As President/Director of Arete Innovations, Inc. and an officer and managing member of Arete Enterprises LLC, Defendant Todd Campanella directed, controlled, authorized, and personally participated in and profited from Arete's advertising, promotion, marketing and sale of THCa flower and THCa products under the Arete Hemp brand, as alleged above.

524. As an officer and managing member of Arete Enterprises LLC, Defendant Melissa Campanella aka Melissa Policastro directed, controlled, authorized, and personally participated in and profited from Arete's advertising, promotion, marketing and sale of THCa flower and THCa products under the Arete Hemp brand, as alleged above.

**Defendant Ray Schiavone**

525. The Terms of Service for litfarms.com list the contact for that website as Lost In Translation, Inc., 1000 N. Division Street, Suite 201, Carson City, NV 89709.

526. The registration for Lost In Translation, Inc. with the Nevada Secretary of State identifies Defendant Ray Schiavone as its current president.

527. A published article identifies Ray Schiavone as the CEO and owner of a licensed Nevada marijuana cultivation operation and as a founder of LIT and quotes him describing the genetics and branding behind the LIT product line marketed at litfarms.com.

528. As President of Lost In Translation, Inc., Defendant Ray Schiavone directed, controlled, authorized, and personally participated in and profited from Lost In Translation, Inc.'s advertising, promotion, marketing and sale of THCa flower and THCa products under the LIT brand, as alleged above.

### Defendant Patrick Vore

529. The only identifying information for Kind Smoke on its website, smokekind.com, is a reference in the Terms of Service to a company called Paradigm Ship, together with an "additional contact info" address of 5940 S. Rainbow Boulevard, Las Vegas, NV 89118.

530. The Better Business Bureau of Southern Nevada lists a "Smoke Kind" at 5940 S. Rainbow Boulevard, Las Vegas, and identifies its president as Patrick Vore.

531. The only registration with the Nevada Secretary of State including a Patrick Vore is for a company called Paradigm Ship, currently in default status, which lists Patrick Vore as its president at the same 5940 S. Rainbow Boulevard address.

532. As President of Paradigm Ship, Defendant Patrick Vore directed, controlled, authorized, and personally participated in and profited from Paradigm Ship's advertising, promotion, marketing and sale of THCa flower and THCa products under the Kind Smoke brand, as alleged above.

### Defendant Elan Lipin

533. Defendant Binoid LLC dba Binoid and Bloomz is a California limited liability company (Cal. Sec. of State Doc. No. 201829910514) with its principal address at 9153 Reseda Blvd., Northridge, CA 91324, the same address at which the original Petition directed service on Elan Lipin.

534. Binoid LLC's Statement of Information filed with the California Secretary of State on October 24, 2024, identifies Defendant Elan Lipin as its Manager and Chief

Executive Officer, and as its registered agent. The Better Business Bureau profile for Binoid LLC likewise identifies Mr. Lipin as the business's management and principal contact.

535. As Manager and Chief Executive Officer of Binoid LLC, Defendant Elan Lipin directed, controlled, authorized, and personally participated in and profited from Binoid LLC's advertising, promotion, marketing and sale of THCa flower and THCa products through the Binoid and Bloomz websites, including the "Papaya Power" listing and the website statements quoted above.

**Defendant David Charles**

536. Defendant Mood Product Group LLC ("Mood") is a Wyoming limited liability company that operates the e-commerce marketplace hellomood.co, which launched on June 27, 2022. Both hellomood.co and mood.com direct users to the same domain.

537. In *A Distribution Company LLC v. Mood Product Group LLC*, No. 24 CVS 619 (N.C. Super. Ct., Bus. Ct., Apr. 4, 2024), the North Carolina Business Court found, on Mood's own declaration, that Mood was formed on May 25, 2022 by its co-founders, Defendant David Charles and Jake Antifaev, and that Mood's business is the online sale of THCa flower, pre-rolls, edibles, vapes and concentrates marketed as hemp under the 2018 Farm Bill.

538. Mr. Charles publicly identifies himself as the co-founder, Chief Executive Officer and Chief Operating Officer of Mood, and has described in published interviews founding and building Mood as an online THC dispensary shipping nationwide.

539. As co-founder and Chief Executive Officer of Mood, Defendant David Charles directed, controlled, authorized, and personally participated in and profited from Mood's advertising, promotion, marketing and sale of THCa flower and THCa products through hellomood.co, as alleged above.

**Defendant Imelda Walavalkar**

540. Defendant Pure Beauty is a Los Angeles-based cannabis brand with its principal place of business at 1200 Santee Street, Suite 902, Los Angeles, CA 90015, the address at which the original Petition directed service.

541. Pure Beauty was founded in 2017 by Defendant Imelda Walavalkar, together with Tracy Anderson and Irwin Matutina, and Ms. Walavalkar serves as its Chief Executive Officer, as reported in Forbes and in multiple trade publications profiling the company.

542. As co-founder and Chief Executive Officer of Pure Beauty, Defendant Imelda Walavalkar directed, controlled, authorized, and personally participated in and profited from Pure Beauty's advertising, promotion, marketing and sale of THCa flower and THCa products through its website, as alleged above.

**Defendant Alex Nastatos**

543. Defendant Pure Shaka Lifestyle Corp. operates the website pureshaka.com and retail locations in Delaware and Pennsylvania under the Pure Shaka name, and ships THCa products to consumers in states, including Missouri.

544. Pure Shaka's own "About Us" page states that "Pure Shaka was founded by Alex Nastatos." Defendant Alex Nastatos publicly identifies himself as Chief Executive Officer of Pure Shaka.

545. As founder and Chief Executive Officer of Pure Shaka, Defendant Alex Nastatos directed, controlled, authorized, and personally participated in and profited from Pure Shaka's advertising, promotion, marketing and sale of THCa flower and THCa products through pureshaka.com, as alleged above.

**Defendant Brandon C. Stewart**

546. Defendant Revelry Supply Inc. is a California corporation (Cal. Sec. of State Doc. No. 4227017) with its principal address at 201 Walker Street, Watsonville, CA 95076, the address at which the original Petition directed service on Brandon C. Stewart.

547. Revelry Supply Inc.'s filings with the California Secretary of State identify Defendant Brandon C. Stewart as its Chief Executive Officer, Chief Financial Officer, Director and registered agent. Mr. Stewart publicly identifies himself as Revelry's founder and Chief Executive Officer.

548. As Chief Executive Officer and Director of Revelry Supply Inc., Defendant Brandon C. Stewart directed, controlled, authorized, and personally participated in and profited from Revelry Supply Inc.'s advertising, promotion, marketing and sale of THCa flower and THCa products through its website, as alleged above.

**Defendant Tyler William**

549. Defendant Sunfire Nutrition LLC does business as Secret Nature and operates the Secret Nature website through which it advertises, promotes and sells THCa flower and THCa products.

550. Defendant Tyler William publicly identifies himself as the founder and Chief Executive Officer of Secret Nature and as associated with Sunfire Nutrition LLC.

551. As founder and Chief Executive Officer of Secret Nature, Defendant Tyler William directed, controlled, authorized, and personally participated in and profited from Sunfire Nutrition LLC's advertising, promotion, marketing and sale of THCa flower and THCa products through the Secret Nature website, as alleged above.

**Defendants Kristen Doka and Ryan Doka**

552. Defendant Vando Holdings Corp. dba Delta 8 Resellers operates the website delta8resellers.com from 33 Jacksonville Road, Unit 2, Towaco, NJ 07082, the address at which the original Petition directed service.

553. On April 21, 2025, the Attorney General of North Dakota announced a settlement, filed in the Burleigh County District Court, with "Vando Holdings Corp., K & L Products, LLP, Kristen Doka, and Ryan Doka, the owners and operators of the website www.delta8resellers.com," resolving claims that they sold and shipped unlawful hemp, THC and vaping products to North Dakota residents through that website.

554. As the owners and operators of Delta 8 Resellers, Defendants Kristen Doka and Ryan Doka directed, controlled, authorized, and personally participated in and profited

from Vando Holdings Corp.'s advertising, promotion, marketing and sale of THCa flower and THCa products through delta8resellers.com, as alleged above.

**Defendant Yoel Chetrit**

555. Defendant Seigler's Inc. is a North Carolina business corporation (N.C. Secretary of State ID No. 3122812) whose registered agent, Registered Agents Inc, is located at 4030 Wake Forest Road, Suite 349, Raleigh, NC 27609, the address at which the original Petition directed service.

556. Seigler's Inc.'s Business Corporation Annual Report for the fiscal year ending December 31, 2025, filed with the North Carolina Secretary of State on February 27, 2026, identifies Defendant Yoel Chetrit of Santa Rosa, California as its President, Secretary and Treasurer, and is signed and certified by Mr. Chetrit as President.

557. As President of Seigler's Inc., Defendant Yoel Chetrit directed, controlled, authorized, and personally participated in and profited from Seigler's Inc.'s advertising, promotion, marketing and sale of THCa flower and THCa products through seiglers.shop, as alleged above.

**Defendant Nat Smith**

558. Defendant Super Greens Hemp Co. is organized as SuperGreensHempCo LLC, a Maryland limited liability company (Maryland Department of Assessments and Taxation No. W25455064) with its principal address at 5000 Thayer Center, Suite C, Oakland, MD 21550, the address at which the original Petition directed service.

559. SuperGreensHempCo LLC's Articles of Organization, filed with the Maryland Department of Assessments and Taxation on October 2, 2024, were signed and filed by Defendant Nat Smith as the company's authorized person, using the company's own Oakland, Maryland address as the filing party's return address.

560. Upon information and belief, Defendant Nat Smith is the organizer and a principal of SuperGreensHempCo LLC and, in that capacity, directed, controlled, authorized, and personally participated in and profited from Super Greens Hemp Co.'s advertising, promotion, marketing and sale of THCa flower and THCa products through supergreenshemp.com, as alleged above.

## COUNT 1

### Unfair Competition under 15 U.S.C. § 1125(a)(1)(B)
### (Against All Defendants)

561. Plaintiffs incorporate Paragraphs 1 through 560 as if fully restated here.

562. The Lanham Act, specifically 15 U.S.C. § 1125(a)(1)(B), provides a private right of action to any person likely to be damaged by a false or misleading representation of fact used in commercial advertising or promotion which misrepresents the nature, characteristics or qualities of goods, services or commercial activities.

563. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

564. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

565. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

566. Defendants advertise, promote, distribute and sell THCa flower and THCa products to the public in Missouri.

567. The THCa flower and THCa products that Defendants advertise, promote, distribute and sell to the public are in fact not hemp but marijuana. They are chemically identical to each other.

568. Defendants hold no state-issued license and do not comply with any of the mandatory restrictions and requirements for participation in the Missouri regulated marijuana market.

569. Defendants falsely state in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

570. Defendants are actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Defendants hide from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

571. Defendants have violated and are violating the Lanham Act by falsely stating in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

572. The false representation of fact by Defendants is made to the public in commercial advertising and promotion in interstate commerce.

573. The false representation of fact by Defendants constitutes false advertising and a violation of the Lanham Act.

574. Plaintiffs are marijuana cultivators, product manufacturers and retail stores that grow, produce, distribute and sell marijuana and marijuana products in Missouri under licenses issued by and under the strict regulation and oversight of the DCR.

575. Plaintiffs have a commercial interest in marijuana sales in Missouri.

576. The false advertising by Defendants deceives potential consumers into believing that THCa flower and THCa products are legal to purchase from Defendants, that Defendants are legal participants in the regulated THCa market, and that Defendants are following all laws, rules and regulations in Missouri for the advertising, promotion, cultivation, production, distribution and sale of THCa.

577. The false advertising by Defendants is likely to influence consumers' purchasing decisions.

578. Defendants' wrongful conduct allows and encourages consumers to purchase THCa flower and THCa products from Defendants outside the regulated marijuana market in Missouri while diverting consumers away from the THCa flower and THCa products sold by Plaintiffs.

579. Consumers have purchased and continue to purchase THCa flower and THCa products from Defendants outside the regulated marijuana market in Missouri instead of

the THCa flower and THCa products cultivated, produced, manufactured, distributed and sold by Plaintiffs under the strict regulation and oversight of the DCR.

580. Defendants' wrongful conduct creates an unfair marketplace where Plaintiffs bear the cost of compliance with all the rules and requirements for participation in the Missouri regulated marijuana market – in both expenditures and lost revenue, profits, sales, market share and customers – while Defendants flout all legal restrictions, requirements and oversight.

581. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered economic injury including lost sales, lost revenue, lost profits, lost customers and erosion of market share, and were deprived of the benefit of substantial investment in the development, production, manufacturing, distribution and marketing of Plaintiffs' products.

582. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered injury to reputation due to consumers confusing Plaintiffs, who must follow strict rules, regulations, standards and guidelines, with Defendants, who follow no rules, regulations, standards or guidelines.

583. The wrongful conduct of Defendants continues and will continue to harm Plaintiffs as Defendants are currently engaged in the same conduct and will continue to do so unless and until the Court intervenes.

584. The wrongful conduct of Defendants has caused and continues to cause irreparable injury to Plaintiffs including loss of market share and injury to reputation.

WHEREFORE, Plaintiffs pray for an award of compensatory damages in excess of $75,000, along with the costs of this action including attorney's fees, plus three times actual damages, and disgorgement by Defendants of all profits attributable to the Defendants' false advertising, in addition to a permanent injunction barring the Defendants from marketing, distributing or selling any marijuana or marijuana product in Missouri, including THCa flower or THCa products with a post-decarboxylation delta-9 THC content of more than .3% by dry weight unless or until Defendants gain a state-issued license to do so.

**COUNT 2**

**Unfair Competition under the Restatement (Third) of Unfair Competition (Against All Defendants)**

585. Plaintiffs incorporate Paragraphs 1 through 584 as if restated here.

586. Missouri recognizes the common law tort of Unfair Competition.

587. Missouri recognizes the Restatement (Third) of Unfair Competition.

588. Under the Restatement, liability for Unfair Competition generally exists when acts or practices of the actor are determined to be actionable as an unfair method of competition, considering the nature of the conduct and its likely effect on both the person seeking relief and the public. Restatement (Third) of Unfair Competition § 1 General Principles (1995). Action can be judged unfair when it substantially conflicts with accepted principles of public policy recognized by statute or common law. *Id.*, comment g.

589. Article 14 of the Missouri Constitution governs almost every aspect of the cultivation, production, distribution and sale of all marijuana in the state.

590. Article 14 was voted on and passed by the voting public of Missouri.

591. The regulations promulgated by the DCR under Article 14 are 43 pages, single-spaced, double column in small font. Together, these laws constitute the public policy of Missouri as enacted by the people and the state.

592. All the standards and requirements in Article 14 and the regulations under it are mandatory for participation in the regulated Missouri marijuana market.

593. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, production, distribution and wholesale and retail sale of marijuana or marijuana products.

594. The cultivation, production, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

595. Defendants advertise, promote, distribute and sell THCa flower and THCa products to the public in Missouri.

596. The THCa flower and THCa products that Defendants advertise, promote, distribute and sell to the public are in fact not hemp but marijuana. They are chemically identical to each other.

597. Defendants hold no state-issued license and do not comply with any of the mandatory restrictions and requirements for participation in the Missouri regulated marijuana market.

598. Defendants falsely state in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

599. Defendants are actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Defendants hide from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

600. Defendants' conduct substantially conflicts with accepted principles of public policy recognized by statute in Missouri.

601. Defendants are engaged in deceptive trade practices and false advertising.

602. Defendants' conduct constitutes the common law tort of Unfair Competition in Missouri.

603. Plaintiffs are marijuana cultivators, product manufacturers and retail stores that grow, produce, distribute and sell marijuana and marijuana products in Missouri under licenses issued by and under the strict regulation and oversight of the DCR.

604. The false advertising and deceptive trade practices by Defendants deceive potential consumers into believing that THCa flower and THCa products are legal to purchase from Defendants, that Defendants are legal participants in the regulated THCa market, and that Defendants are following all laws, rules and regulations in Missouri for the advertising, promotion, cultivation, production, distribution and sale of THCa.

605. Defendants' tortious conduct allows and encourages consumers to purchase THCa flower and THCa products from Defendants outside the regulated marijuana market

in Missouri while diverting consumers away from the THCa flower and THCa products sold by Plaintiffs.

606. Consumers have purchased and continue to purchase THCa flower and THCa products from Defendants outside the regulated marijuana market in Missouri instead of the THCa flower and THCa products cultivated, produced, manufactured, distributed and sold by Plaintiffs under the strict regulation and oversight of the DCR.

607. Defendants' tortious conduct creates an unfair marketplace where Plaintiffs bear the cost of compliance with all the rules and requirements for participation in the Missouri regulated marijuana market – in both expenditures and lost revenue, profits, sales, market share and customers – while Defendants flout all legal restrictions, requirements and oversight.

608. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have suffered economic injury including lost sales, lost revenue, lost profits, lost customers and erosion of market share, and were deprived of the benefit of substantial investment in the development, production, manufacturing, distribution and marketing of Plaintiffs' products.

609. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have suffered injury to reputation due to consumers confusing Plaintiffs, who must follow strict rules, regulations, standards and guidelines, with Defendants, who follow no rules, regulations, standards or guidelines.

610. The tortious conduct of Defendants continues and will continue to harm Plaintiffs as Defendants are currently engaged in the same conduct and will continue to do so unless and until the Court intervenes.

611. The tortious conduct of Defendants has caused and continues to cause irreparable injury to Plaintiffs including loss of market share and injury to reputation.

612. The Defendants willfully, wantonly, and maliciously injured Plaintiffs by their tortious acts.

WHEREFORE, Plaintiffs pray for an award of compensatory and punitive damages in an amount in excess of $75,000, along with the costs of this action, and disgorgement by Defendants of all profits attributable to Defendants' unfair and unlawful conduct and deceptive trade practices, in addition to a permanent injunction barring the Defendants from marketing, distributing or selling any marijuana or marijuana product in Missouri, including THCa flower or THCa products with a post-decarboxylation delta 9 tetrahydrocannabinol content of more than .3% by dry weight unless or until Defendants gain a state-issued license to do so.

## COUNT 3

### Individual Liability under 15 U.S.C. § 1125(a)(1)(B)
### (Against the Individual Defendants)

613. Plaintiffs incorporate Paragraphs 1 through 612 as if fully restated here.

614. A corporate officer, director, or other individual is personally liable for a violation of the Lanham Act that he or she personally participates in, directs, controls,

authorizes, or is the moving, active, conscious force behind, regardless of whether the corporate veil is pierced.

615. Each of the Individual Defendants – Mike Bitar aka Mustafa Bitar, Todd Campanella, Melissa Campanella aka Melissa Policastro, Ray Schiavone, Patrick Vore, Elan Lipin, David Charles, Imelda Walavalkar, Alex Nastatos, Brandon C. Stewart, Tyler William, Kristen Doka, Ryan Doka, Yoel Chetrit, and Nat Smith – held an ownership, officer, or director position, as alleged above, in the Defendant entity or entities through which the false advertising described in Count 1 was carried out.

616. Each of the Individual Defendants, in that capacity, personally directed, controlled, authorized, and participated in the false and misleading representations described in Count 1, namely, that THCa flower and THCa products sold and advertised through their respective businesses are hemp and legal for sale under the 2018 Farm Bill, and personally profited from those sales, as alleged above.

617. Each of the Individual Defendants was, with respect to his or her respective business, the moving, active, and conscious force behind the false advertising alleged in Count 1.

618. Each of the Individual Defendants is therefore personally liable, independent of and in addition to the liability of the corporate or business entity Defendants, for the violations of 15 U.S.C. § 1125(a)(1)(B) alleged in Count 1.

619. As a direct and proximate result of the Individual Defendants' personal participation in this conduct, Plaintiffs have suffered the same economic injury and injury

to reputation alleged in Count 1, and Defendants' wrongful conduct continues to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray for an award of compensatory damages against the Individual Defendants, jointly and severally with the corporate and business entity Defendants, in excess of $75,000, along with the costs of this action including attorney's fees pursuant to 15 U.S.C. § 1117(a), plus three times actual damages, and disgorgement by the Individual Defendants of all profits personally attributable to the false advertising alleged herein, in addition to a permanent injunction barring each Individual Defendant, personally and in any capacity, from marketing, distributing or selling any marijuana or marijuana product in Missouri, including THCa flower or THCa products with a post-decarboxylation delta-9 THC content of more than .3% by dry weight, unless or until properly licensed to do so.

**Jury Demand**

Plaintiffs demand trial by a jury of twelve members on all issues so triable.

Respectfully submitted,

JOSEPH HOLLANDER & CRAFT LLC

Attorneys for Plaintiffs

By: /s/ Christopher M. McHugh (pro hac vice)
926 Cherry Street
Kansas City, MO 64106
P: (913) 948-9490
E: cmchugh@josephhollander.com

CERTIFICATE OF SERVICE

I hereby certify that on the date of electronic filing, the foregoing was filed electronically with the Clerk of the Court using the Court's ECF/Electronic Filing System, which will deliver notice of electronic filing to all counsel of record.

By: /s/ Christopher M. McHugh